UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| IN RE ) | |
| ) | |
| **SOCORRO VILLASENOR,** ) | |
| ) | Case No. 11-CV-2214 |
| Debtor. ) | |

**OPINION**

On May 13, 2011, the Debtor, Socorro Villasenor, filed a pro se Voluntary Bankruptcy Petition under Chapter 7 in Bankruptcy Case No. 11-90961. On June 29, 2011, the Debtor filed a Motion to Appoint Counsel and a Memorandum in Support. On July 14, 2011, United States Bankruptcy Judge Gerald D. Fines entered an Order which denied the Debtor's Petition for Appointment of Counsel. On July 28, 2011, the Debtor filed a pro se Notice of Appeal, stating that she was appealing from Judge Fines' Order entered on July 14, 2011 Order. Because the Order appealed from is not a final order, this court dismisses this appeal.

Orders relating to the appointment of counsel are not final in the bankruptcy context. See In re Firstmark Corp., 46 F.3d 653, 658-59 (7th Cir. 1995). Accordingly, Judge Fines' ruling denying the Debtor's Motion to Appoint Counsel is an interlocutory order and the Debtor may appeal this order only if she obtains leave from the district court. See In re Kelly, 2009 WL 102935, at *2 (C.D. Ill. 2009); Gierum v. Kontrick, 2002 WL 226857, at *2 (N.D. Ill. 2002), citing 28 U.S.C. § 158(a). Under 28 U.S.C. § 158(a)(3), it is within the district court's discretion whether to allow leave to appeal from an interlocutory order. See In re Jartran, Inc., 886 F.2d 859, 866 (7th Cir. 1989); Kelly, 2009 WL 102935, at *2; In re Auto. Prof'ls, Inc., 379 B.R. 746, 751 (N.D. Ill. 2007).

In this case, the pro se Debtor has not sought leave to appeal from this court. This court further concludes that an interlocutory appeal from Judge Fines' Order denying the Motion to

Appoint Counsel would not be appropriate.

The Bankruptcy Code does not provide an explicit standard for assessing the appropriateness of an interlocutory appeal. Kelly, 2009 WL 102935, at *3; In re Woltman, 2006 WL 2052078, at *1 (C.D. Ill. 2006). However, district courts have applied the standard set forth in 28 U.S.C. § 1292(b), which governs interlocutory appeals from the district court to the Court of Appeals, to the bankruptcy context. See Kelly, 2009 WL 102935, at *3; In re Auto. Prof'ls, 379 B.R. at 751. District courts applying the standard set forth in § 1292(b) to bankruptcy appeals have adopted its three-part test. Kelly, 2009 WL 102935, at *3; Gierum, 2002 WL 226857, at *2. Under the three-part test, an interlocutory appeal is appropriate when it: (1) involves a controlling question of law; (2) over which there is a substantial ground for difference of opinion; and (3) an immediate appeal from the order may materially advance the termination of the litigation. See 28 U.S.C. § 1292(b); Kelly, 2009 WL 102935, at *3; In re Auto. Prof'ls, 379 B.R. at 751. The Order appealed from in this case does not meet even one part of the three-part test. Moreover, interlocutory appeals are disfavored, and courts should only "sparingly" grant permission to take such an appeal. Woltman, 2006 WL 2052078, at *2, quoting In re Brand Name Prescription Drugs Antitrust Litig., 1998 WL 808992, at *3 (N.D. Ill. 1998). The party seeking interlocutory review bears the heavy burden of persuading the court that "exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of final judgment." Brand Name, 1998 WL 808992, at *3, quoting Fisons Ltd. v. United States, 458 F.2d 1241, 1248 (7th Cir. 1972); see also Woltman, 2006 WL 2052078, at *2.

This court concludes that the Order appealed from is an interlocutory order and there is no basis for allowing an interlocutory appeal in this case. Accordingly, this appeal must be dismissed.

IT IS THEREFORE ORDERED THAT:

(1) This appeal from an Order of the Bankruptcy Court is DENIED.

(2) This case is terminated.

ENTERED this 14th day of September, 2011

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE